[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Mohammed Deura, has brought an action against the defendant, Greenwich Hospital, alleging retaliatory discharge, wrongful discharge, and intentional infliction of emotional distress. The plaintiff alleges in his complaint that he was employed by the defendant, that he sustained injury in the course of his employment, that he applied for and received Worker's Compensation benefits, and that he has been unable to work since he was injured. The plaintiff further alleges that agents of the defendant called the plaintiff asking about his condition, accusing the plaintiff of lying about his condition, threatening to terminate the plaintiff, and requesting the CT Page 3551 plaintiff to sign documents stating that he voluntarily resigned from his employment. The plaintiff then alleges that he signed a letter of resignation, provided by the defendant, under threat of immediate termination. In count two, the plaintiff alleges that he was wrongfully discharged based on false allegations as to his veracity and the nature of his injuries, and for reasons in violation of public policies including, Article 1, Section 20 of the Constitution of the state of Connecticut, General Statutes §§ 46a-60(a)(1) and 46a-58(a), the Americans with Disabilities Act, the covenant of good faith and fair dealing, "those policies underlying the Act," and that it was based on the negligent investigation of the circumstances surrounding the plaintiff's injuries.
The defendant moves to strike count two of the plaintiff's complaint on the grounds that wrongful discharge is not available when the plaintiff has a statutory remedy available, the covenant of good faith and fair dealing does not support an action of wrongful discharge, and false allegations as to the plaintiff's veracity and negligent investigation do not violate any important public policies. The defendant also filed a memorandum of law in support. The plaintiff has not filed any memorandum in opposition, and plaintiff's counsel stated at short calendar that the plaintiff had no objection to the defendant's motion.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v.BOC Group, Inc., supra, 224 Conn. 215.
The Supreme Court has recognized "a common law cause of action in CT Page 3552 tort for discharges if the former employee can prove a demonstrablyimproper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." (Internal quotation marks omitted.) Morris v. Hartford Courant Co., 200 Conn. 676, 679,513 A.2d 66 (1986). "Given the inherent vagueness of the concept of public policy, it is often difficult to define precisely the contours of the exception." Id., 680.
The Appellate Court determined, however, that "[a] finding that certain conduct contravenes public policy is not enough by itself to warrant the creation of a contract remedy for wrongful dismissal by an employer. The cases which have established a tort or contract remedy for employees discharged for reasons violative of public policy have relied upon the fact that in the context of their case the employee was otherwise without remedy and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated." (Internal quotation marks omitted.) Atkins v. Bridgeport Hydraulic Co., 5 Conn. App. 643,648, 501 A.2d 1223 (1985) "Therefore, a cause of action in tort for wrongful termination or in contract for the breach of the covenant of good faith and fair dealing exist[s] only when a discharge violates public policy and the employee is otherwise without remedy." (Internal quotation marks omitted.) Pucci v.American-Republican, 9 CSCR 626 (1994) (Sylvester, J.); see also Wall v. Wausau Insurance Co., Superior, Court, JD of New Haven at New Haven, DN. 343318 (August 19, 1994) (Hadden, J.); Werge v. Southern New England Telephone, Superior Court, JD of New London at New London, DN. 527516 (May 23, 1994) (Leuba, J.); Venturi v. WilliamW. Backus Hospital, Superior Court, JD of New London at New London, DN. 523510 (July 1, 1993) (Hendel, J.); Poulos v. Pfizer, Inc., 6 Conn. L. Rptr. 545 (1992) (Hurley, J.); Brotherton v. Burndy Corp., 2 Conn. L. Rptr. 508
(1990) (Fuller, J.).
The public policy against discrimination which the plaintiff invokes through General Statutes §§ 46a-58(a) and 46a-60(a)(1), the Connecticut Constitution, Article First, Section20, and the Americans with Disabilities Act offer statutory remedies and, therefore, cannot support an action in wrongful discharge. Furthermore, the Supreme Court has also determined that "absent a showing that the discharge involves an impropriety which contravenes some important public policy, an employee may not challenge a dismissal based upon an implied covenant of good faith and fair dealing." Carbone v. Atlantic Richfield Co., CT Page 3553204 Conn. 460, 470-71, 528 A.2d 1137 (1987). Moreover, the Supreme Court held in Morris v. Hartford Courant Co., 200 Conn. 676,513 A.2d 66 (1986), that false but negligent accusations of criminal conduct are not improper reasons for dismissal nor do such dismissals violate an important public policy. Id. 680. The Appellate Court has also determined that in inadequate investigation does not violate an important public policy. Doherty v. Sullivan,29 Conn. App. 736, 743, 618 A.2d 56 (1992). Therefore, the plaintiff's allegations that the defendant negligently investigated his injuries and made false allegations about his veracity do not "implicate an important violation of public policy." Morris v. Hartford Courant Co., supra, 200 Conn. 680. Accordingly, the defendant's motion to strike count two is granted.