[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #103
The plaintiff, Tina Dais, commenced this action against the defendant, Laidlaw Transit, Inc., by filing a six count complaint on June 14, 1996. The plaintiff alleges that she was wrongfully terminated from her position as a bus driver after having tested positive for a random drug test administered by her employer, the defendant. The plaintiff alleges the following claims against the defendant: a violation of General Statutes § 31-51t, wrongful discharge in violation of public policy, breach of implied covenant of good faith and fair dealing, defamation, intentional infliction of severe emotional distress, and a breach of General Statutes §31-128a et seq.
On November 13, 1995, the defendant filed a motion to strike counts two, five and six of the plaintiff's complaint, accompanied by a memorandum in support of its motion. On December 18, 1995, the plaintiff filed a memorandum in opposition to the defendant's motion to strike, and the defendant filed a reply thereto on January 1, 1996.
A motion to strike may be used to test the legal sufficiency of the allegations of a complaint. Practice Book § 152. The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Amore v. Frankel, 228 Conn. 358,372-73, 636 A.2d 786 (1994). It "admits all facts well pleaded; it does not admit legal conclusions or the truth oraccuracy of opinions stated in the pleadings." (Emphasis in CT Page 2018 original.) Mingachos v. CBS. Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
 I.
The defendant argues that count two, alleging wrongful discharge in violation of public policy, should be stricken on the ground that an adequate statutory remedy already exists under General Statutes § 31-51 et seq.
"The doctrine of wrongful discharge is a narrow exception to the rule that contracts for employment at will are terminable at the will of either party without regard to cause. . . . Under this doctrine, a cause of action is only recognized where public policy is clearly contravened." Sheets v. Teddy's Frosted Foods, Inc.,179 Conn. 471, 474, 427 A.2d 385 (1980).
"The cases which have established a tort or contract remedy for employees discharged for reasons violative of public policy have relied upon the fact that in the context of their case the employee was otherwise without remedy and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated." Atkins v. Bridgeport Hydraulic Co., 5 Conn. App. 643,648, 501 A.2d 1223 (1985). Moreover, the superior courts have consistently held that a cause of action for wrongful termination exists only when a discharge violates public policy and the employee is otherwise without a statutory remedy. Deura v.Greenwich Hospital, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 140029, 14 Conn. L. Rptr. 49
(April 10, 1995, D'Andrea, J.); Cowan v. Warner-Lambert Company, Superior Court, Judicial District of Ansonia/Milford, Docket No. 032564 (November 5, 1994, Cocco, J.); Wall v. Wausau Insurance Co., Superior Court, Judicial District of New Haven at New Haven, Docket No. 34331812 Conn. L. Rptr. 335 (August 19, 1994, Hadden, J.) (holding that when a plaintiff has state and federal statutory remedies for the claimed violations, an action may not be based on a common law claim); Pucciv. American-Republican, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 118491 (May 23, 1994, D'Andrea, J.); Faulkner v. Sikorsky Aircraft, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 052080 11 Conn. L. Rptr. 256 (April 6, 1994, Corradino, J.).
The plaintiff alleges in count two that the defendant violated CT Page 2019 public policy as expressly stated in General Statutes § 31-51t. Furthermore, the plaintiff has alleged a violation of this statute in count one of her complaint. Because General Statutes § 31-51
already affords a remedy for the plaintiff, she may not allege a common law claim for wrongful discharge. Thus, the defendant's motion to strike count two is granted.
 II.
The defendant argues that count five, alleging intentional infliction of emotional distress, should be stricken on the ground that the plaintiff has failed to adequately allege that the defendant's conduct was extreme and outrageous.
In order to prevail on a claim of intentional infliction of emotional distress, four elements must be established: "(1) the actor intended to inflict emotional distress or he knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was extreme and outrageous; (3) the defendant's conduct was the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was severe." (Citation omitted; internal quotation marks omitted.) DeLaurentisv. New Haven, 220 Conn. 225, 266-67, 597 A.2d 807 (1991).
The Superior Court has stated that "whether an actor's conduct is sufficiently extreme and outrageous so that liability will attach is a question for the trier of fact." Brown v. Ellis,40 Conn. Sup. 165, 167-68, 484 A.2d 944 (1984). "Although the plaintiff's allegations may not arise to the level of extreme and outrageous conduct required, . . . this is a question of fact for the trier." Clarkson v. Greentree Toyota Corporation, Superior Court, Judicial District of Danbury, Docket No. 311823 (May 31, 1994, Moraghan, J.); Murasky v. Thomson Newspapers. Inc., Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 292286 (October 27, 1993, Freedman, J.); Decampos v. Kennedy CenterInc., Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 260290, 3 Conn. L. Rptr. 549 (November 23, 1990, Licari, J.).
The plaintiff alleges in her complaint that a representative of the defendant contacted her by telephone, fired her because her drug test results were positive, and the company van that she drives to her job had been removed that morning without regard to the fact that all of her personal belongings were in the van. (Plaintiff's Complaint, ¶ 10-13). The plaintiff has alleged sufficient facts to support a claim for intentional emotional CT Page 2020 distress. Therefore, the defendant's motion to strike count five is denied.
 III.
The defendant argues that count six, alleging a violation of General Statutes § 31-128a et seq., should be stricken on the ground that no private right of action exists to enforce General Statutes § 31-128a et seq.
General Statutes § 31-128g provides in relevant part: "[e]ach employer shall, within a reasonable time after receipt of a written request from an employee, provide such employee with a copy of all or part of his personnel file . . . provided such request reasonably identifies the material to be copied." General Statutes § 31-128f further provides: "[n]o individually identifiable information contained in the personnel file or medical records of any employee shall be disclosed by an employer to any person or entity not employed of affiliated with the employer without written authorization of such employee. . . ."
The Superior Court in Turzer v. Connecticut National Bank,
Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 279671, 5 Conn. L. Rptr. 119 (October 10, 1991, Spear, J.) looked to the legislative intent of the statute to determine how grievances brought under this statute should be remedied. The court determined that the legislative intent militates the Labor Commissioner's handling potential violations of § 31-128g. The court stated that "[t]he doctrine of primary jurisdiction militates against the court taking jurisdiction. . . . Ordinarily, a court should not act upon subject matter that is peculiarly within the agency's specialized field without giving the agency an opportunity to apply its expertise, . . . . The doctrine of primary jurisdiction militates in favor of this claim going first to the Labor Commissioner." Id. The court went on to grant the defendant's motion to strike the plaintiff's statutory claim under § 31-128a.
In light of the holding in Turzer v. Connecticut NationalBank, supra, the plaintiff does not have a private cause of action for a violation of § 31-128a. Thus, the defendant's motion to strike count six is granted.
Accordingly, the defendant's motion to strike is granted as to counts two and six, and denied as to count five. CT Page 2021
John J. P. Ryan, Judge