[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE NO. 102
On September 1, 1995, the plaintiff, Wendy Sherman, filed this action against the defendants, Sedgwick James of Connecticut, Inc. (Sedgwick) and the City of Milford (Milford), CT Page 1047 for wrongful discharge of employment. The complaint alleges that on May 20, 1995, the plaintiff was involved in a car accident and reported the accident to the Milford City Police Department. After reviewing the police report, the plaintiff learned that she was erroneously listed as the party responsible for the accident. After a sergeant with the department refused to correct the report, the plaintiff voiced a grievance concerning the sergeant's behavior to the chief of police. The plaintiff alleges that, in retaliation for voicing her grievance, the defendant, Sedgwick, terminated her employment.
Counts one through three of the plaintiff's complaint assert claims against Milford. Counts four through seven assert claims against Sedgwick. Sedgwick has moved to strike counts four through seven of the plaintiff's complaint.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." S.M.S.Textile v. Brown, Jacobson. Tillinghast. Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340, cert. denied, 228 Conn. 903
(1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems, Inc. v. BOC Group, Inc., supra, 215.
Count Four
The defendant moves to strike count four, in which the plaintiff alleges a common law claim of wrongful discharge in violation of public policy, on the ground that the plaintiff has failed to allege a sufficient public policy violation and that there are adequate remedies available through General Statutes § 31-51q. The plaintiff counters that the fourth count alleges that she was discharged in violation of Article First, § 14 of the Constitution of Connecticut which provides CT Page 1048 residents of Connecticut with the right to petition the government.
The general rule in Connecticut is that "contracts of permanent employment, or for an indefinite term, are terminable at will." (Internal quotation marks omitted.) Coelho v. Posi-SealInternational, Inc, 208 Conn. 106, 118, 544 A.2d 170 (1988). The doctrine of wrongful discharge, a narrow exception to the general rule, holds that an employer may be liable for discharging an at-will employee "if the former employee can prove a demonstrablyimproper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." (Emphasis in original.) Sheets v. Teddy's Frosted Foods, Inc.,179 Conn. 471, 475, 427 A.2d 385 (1980). "Under the exception, the employee has the burden of pleading and proving that his dismissal occurred for a reason violating public policy." Morrisv. Hartford Courant Co., 200 Conn. 676, 679, 513 A.2d 66 (1986). "Given the inherent vagueness of the concept of public policy, it is often difficult to define precisely the contours of the exception." Id., 680. A claim for wrongful discharge, must allege a violation of some judicially conceived notion of public policy or an explicit statutory or constitutional provision. Id.
The plaintiff alleges in count four that "the defendant, . . . has violated the public policy of the State of Connecticut, as embodied in the Constitution." This allegation is insufficient because it constitutes a legal conclusion. The plaintiff has failed to plead with specificity the public policy that has been violated. Accordingly, the court grants the defendant's motion to strike count four on the ground that the plaintiff has failed to allege the requisite violation of an important public policy on the part of her employer.
In addition, as an alternative basis for this court's action, the court also concludes that the fourth count should be stricken on the ground that General Statutes § 31-51q provides an adequate statutory remedy.
In Atkins v. Bridgeport Hydraulic Co., 5 Conn. App. 643, 648,501 A.2d 1223 (1985), the appellate court held that a claim for common law wrongful discharge exists only where the claimant has no statutory remedy. "A finding that certain conduct contravenes public policy is not enough by itself to warrant the creation of a contract remedy for wrongful dismissal by an employer. The cases which have established a tort or contract remedy for CT Page 1049 employees discharged for reasons violative of public policy have relied upon the fact that in the context of their case the employee was otherwise without remedy and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated." (Internal quotation marks omitted.) Id. See also Sullivan v. Board of Police Commissioners, 196 Conn. 208,491 A.2d 1096 (1988) [age discrimination claim addressable through federal ADEA or state FEPA actions]. See also, Dias v.Laidlaw Transit, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 146079 (March 29, 1996, Ryan J., 16 Conn. L. Rptr. 392) [General Statutes § 31-51t
provides adequate statutory remedy]; Deura v. Greenwich Hospital,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 140029 (April 10, 1995, D'Andrea, J.,14 Conn. L. Rptr. 49) [General Statutes § 46a-60 (a)(1), the Connecticut Constitution, Article First, § 20 and the Americans with Disabilities Act provide statutory remedies to address the alleged discriminations suffered by the plaintiff];Faulkner v. Sikorsky Aircraft, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 525080 (April 6, 1994, Corradino, J., 11 Conn. L. Rptr. 256) [wrongful discharge claim stricken because allegations of discrimination based upon age and physical disability can be addressed through state and federal statutes]; Pucci v. American-Republican, Superior Court, judicial district of Waterbury, Docket No. 118491 (May 23, 1994, Sylvester, J., 9 CSCR 626) [wrongful discharge claim alleging that plaintiff was discharged for filing a worker's compensation claim barred by General Statutes § 31-290a]; Werge v.Southern New England Telephone, Superior Court, judicial district of New London at New London, Docket No. 527526 (May 23, 1994, Leuba, J.) ["since statutory remedies exist, the plaintiffs cannot sustain an independent common law cause of action as to wrongful discharge"]; Cowan v. Warner-Lambert Company, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 032564 (November 5, 1994, Cocco, J.) ["General Statutes §31-290a affords a remedy for the vindication of the public policy"]; Venturi v. William W. Backus Hospital, Superior Court, judicial district of New London at New London, Docket No. 523510 (July 1, 1993, Hendel, J.) [claim for common law wrongful discharge stricken because General Statutes §§ 17a-549 and17a-550 provide adequate remedies for employee discharged because of a mental disorder]; Poulos v. Pfizer. Inc., Superior Court, judicial district of New London at New London, Docket No. 520719 (June 24, 1992, Hurley J., 6 Conn. L. Rptr. 545) [wrongful discharge claim barred because General Statutes § 31-51t
CT Page 1050 provides damages and injunctive relief for unlawful drug testing]; Brotherton v. Burndy Corp., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 022481 (September 24, 1990, Fuller, J., 2 Conn. L. Rptr. 508) [OSHA provides statutory remedy]; Reed v. Ritz Camera and Video Store,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 258480 (November 9, 1989, Thompson, J., 4 CSCR 862) [ERISA provides statutory remedy]; Banjeree v. Roberts,641 F. Sup. 1093, 1108 (D. Conn. 1986) ["It is evident that the Connecticut Supreme Court in Sheets did not intend to create a means for discharged employees to assert the same statute or constitutional violation twice in a single complaint. Instead, the court intended merely to provide a 'modicum of judicial protection' for those who did not already have a means of challenging their dismissals under state law."]. Compare Wall v.Wausau Insurance Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 343381 (August 19, 1994, Hadden, J.) [ten weeks back pay pursuant to General Statutes § 51-247a(b) does not provide adequate remedy for juror discrimination]; Mirto v. Laidlaw Transit, Superior Court, judicial district of New Haven, Docket No. 334231 (April 26, 1993, Stanley, J., 9 Conn. L. Rptr. 19) [General Statutes §31-51q does not preclude right to bring wrongful discharge claim]; MacLean v. School Sisters of Notre Dame, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 289572 (March 31, 1992, Lewis, J.) [common law wrongful discharge and General Statutes § 31-51q advance different public policy initiatives].
Count Five
The defendant moves to strike count five, which alleges a violation of General Statutes § 31-51q,[1] on the ground that the plaintiff has failed to allege that the plaintiff was acting as a private citizen speaking on a matter of public concern and that the alleged exercise of free speech did not substantially interfere with the plaintiff's bona fide job performance or with her working relationship with her employer. The plaintiff counters that General Statutes § 31-51q
protects the right of a citizen not to be discharged for exercising her right to petition the government for redress of a grievance.
"In order to plead a violation of Section 31-51q, the plaintiff must allege: (1) that she was exercising rights CT Page 1051 protected by the first amendment to the United States Constitution or by an equivalent provision of the Connecticut Constitution; (2) that she was fired "on account of" her exercise of such rights; and (3) that her exercise of first amendment or equivalent state constitutional rights did not substantially or materially interfere with her bona fide job performance or with her working relationship with her employer." Daley v. Aetna Life Casualty, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 533693 (August 3, 1994, Sheldon, J.).
The plaintiff has failed to allege that she was fired for exercising her first amendment rights because she has failed to allege facts which show a correlation between voicing her grievance and the termination of her employment by Sedgwick. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group. Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). Furthermore, the plaintiff has failed to allege that her grievance to the chief of police did not substantially interfere with her bona fide job performance. Accordingly, the court hereby grants the defendant's motion to strike count five of the plaintiff's complaint.
Count Six
Count six alleges that "[t]he defendant, Sedgwick James of Connecticut, Inc., in discharging the plaintiff from her employment, violated the covenant of good faith and fair dealing which the law infers out of the employment relationship existing between the Plaintiff, Wendy Sherman, and the Defendant, Sedgwick James of Connecticut, Inc."
The defendant moves to strike count six on the grounds that the plaintiff has failed to plead the existence of an employment contract or a violation of an important public policy. The plaintiff counters that the allegation that she was employed by the defendant is sufficient to set forth the existence of an implied contract of employment. The plaintiff further argues that where the plaintiff alleges an implied contract terminable only for just cause, the plaintiff is not required to allege a violation of a public policy.
The Connecticut Supreme Court has stated that "[a]lthough we endorse the applicability of the good faith and fair dealing CT Page 1052 principle to employment contracts, its essence is the fulfillment of the reasonable expectations of the parties. Where employment is clearly terminable at will, a party cannot ordinarily be deemed to lack good faith in exercising this contractual right. Like other contract provisions, which are unenforceable when violative of public policy, the right to discharge at will is subject to the same restriction. We see no reason presently, therefore, to enlarge the circumstances under which an at-will employee may successfully challenge his dismissal beyond the situation where the reason for his discharge involves `impropriety . . . derived from some important violation of public policy.' Sheets v. Teddy's Frosted Foods, Inc., supra, [179 Conn.] 475." Magnan v. Anaconda Industries, Inc.,193 Conn. 558, 572, 479 A.2d 781 (1984) . See also Carbone v. AtlanticRichfield Co., 204 Conn. 460, 470-71, 460 A.2d 1137 (1987) ["absent a showing that the discharge violates an impropriety which contravenes some important public policy, an [at-will] employee may not challenge a dismissal based upon an implied covenant of good faith and fair dealing."].
The sixth count does not allege that the plaintiff and the defendant agreed that the plaintiff could be discharged only for just cause. Moreover, the sixth count does not allege that the plaintiff's discharge violated an important public policy. Accordingly, the court hereby grants the defendant's motion to strike the sixth count of the plaintiff's complaint.
Count Seven
The defendant moves to strike count seven, which alleges breach of implied contract, on the ground that the plaintiff fails to allege facts to support a claim that she was not an at will employee. The plaintiff counters that count seven alleges sufficient facts to support a claim for breach of an implied contract of employment.
"Pursuant to traditional contract principles . . . the default rule of employment at will can be modified by the agreement of the parties." Torosyan v. Boehringer IngelheimPharmaceuticals Inc., 234 Conn. 1, 15, 662 A.2d 89 (1995). "A contract implied in fact, like an express contract, depends on actual agreement." Therrien v. Safeguard Mfg. Co., 180 Conn. 91,94, 429 A.2d 808 (1980). Thus, in order to allege the existence of an implied contract between the parties, the plaintiff must allege facts that support her claim that the employer agreed, CT Page 1053 either by words or conduct, to undertake a contractual commitment to discharge the plaintiff only for good or just cause. Torosyanv. Boehringer Ingelheim Pharmaceuticals, Inc., supra,234 Conn. 15.
The only allegation made by the plaintiff in count seven which supports the existence of such an agreement is the allegation that "[t]he Plaintiff, upon accepting employment, . . . was led by the defendant, . . . to believe that her employment could not be terminated except for just cause and that the Defendant, . . . was committed to a policy of progressive discipline." The plaintiff's allegations are conclusory and insufficient to allege terms of the agreement essential to her claim, i.e., that defendant agreed to terminate her only for cause. Instead the plaintiff has merely referred to her personal beliefs or conclusions without support in fact. These are obviously insufficient. S.M.S Textile v. Brown,Jacobson, Tillinghast, Lahan and King, supra, 796. Accordingly, defendant's motion to strike the seventh count is hereby GRANTED.
CONCLUSION
The court hereby grants the defendant's motion to strike counts four through seven of the plaintiff's complaint.
BY THE COURT,
MELVILLE, JUDGE