[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTIONS TO STRIKE # 108/109[1]
The defendant moves to strike count one, alleging wrongful termination, on the ground that it fails to state a cause of action. The defendant argues that the plaintiff, who is basing her claim on a breach of public policy as expressed in General Statutes § 46a-60(a), cannot bring a separate claim for wrongful termination because she has a statutory remedy. The plaintiff argues that she can bring a claim for employment discrimination under the statute and under common law. "The cases which have established a tort or contract remedy for employees discharged for reasons violative of public policy have relied upon the fact that in the context of their case the employee was otherwise without remedy and that permitting the discharge to go undressed would leave a valuable social policy to go unvindicated." Atkins v. Bridgeport Hydraulic Co.,5 Conn. App. 643, 648, 501 A.2d 1223 (1985). The plaintiff cannot state a cause of action for wrongful termination because she is not without statutory remedies.[2] See, e.g., Good v.Goodway Technologies Corp., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 325462 (September 27, 1996; Hartmere, J.) ("cases make clear that the existence of a statutory remedy, regardless of its scope, will bar a common law wrongful discharge claim"); Dais v. Laidlaw Transit,Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 146079 (March 29, 1996; Ryan J.) (16 Conn. L. Rptr. 392) ("Superior Courts have consistently held that a cause of action for wrongful termination exists only when a discharge violates public policy and the employee is otherwise without a statutory remedy"); Deura v. GreenwichHospital, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 140029 (April 10, 1995; D'Andrea, J.) (public policy against discrimination that plaintiff invokes, in part, through § 46a-60(a)(1) is protected by statutory remedies and therefore cannot an action in wrongful discharge). Accordingly, the motion to strike are granted.
STODOLINK, JUDGE