[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The issues presented by the defendant's motion are whether the second count of the plaintiff's revised complaint should be stricken on the basis that there is no cause of action for negligence in failing to investigate sexual harassment claims, and whether count four of the plaintiff's complaint should be stricken on the ground that a retaliatory discharge claim under General Statutes § 31-51q precludes the plaintiff's common law discharge.
FACTUAL BACKGROUND
The plaintiff filed a revised complaint on March 1, 1996, CT Page 12982 alleging in count one that the defendant violated General Statutes § 46a-60 (a)(8) by failing to take action to end the sexual harassment of the plaintiff by the defendant's employee. In the second count, the plaintiff alleges that the defendant was negligent in violating its Human Resources Policy and Procedure Manual "by not adequately handling the harassment, failing to investigate and take appropriate action." (Revised Complaint, Count Two, 128). In count three, the plaintiff alleges wrongful discharge by the defendant in violation of General Statutes §31-51q. In count four, the plaintiff alleges that the defendant violated the public policy of the state of Connecticut by discharging the plaintiff because she complained about sexual assault and race problems at Yale New Haven Hospital.
On March 18, 1996, the defendant filed a motion to strike the second and fourth counts of the plaintiff's revised complaint. The defendant argues that count two of the revised complaint should be stricken because there exists no cause of action in negligence for failing to investigate claims of sexual harassment. In addition, the defendant argues that the fourth count should be stricken because it is legally insufficient as the plaintiff is limited to a claim for wrongful discharge under Connecticut General Statutes § 31-51q.
As required by Practice Book § 155, the defendant has filed a memorandum in support of its motion to strike, and the plaintiff has timely filed a memorandum in opposition. On February 13, 1997, the defendant filed a reply to the plaintiff's memorandum of law in opposition to the defendant's motion to strike. The plaintiff filed a surreply memorandum in opposition to the defendant's motion to strike on May 5, 1997.
LEGAL DISCUSSION
I. Count Two
In the second count, the plaintiff alleges that the defendant was negligent in violating its Human Resources Policy and Procedure Manual "by not adequately handling the harassment, failing to investigate and take appropriate action." (Revised Complaint, Count Two, ¶ 28).
The defendant argues that this count should be stricken because "no Connecticut court has recognized a cause of action . . . for negligence in failing to investigate claims of CT Page 12983 sexual harassment." (Defendant's Memorandum, p. 3.) The plaintiff counters that "the Plaintiff does not allege that the Defendant negligently investigated the sexual harassment complaint prior to discharge." (Plaintiff's Surreply Memorandum, p. 1.) "Rather, the second count of the Plaintiff's complaint alleges that the Defendant created an employee manual which includes a section on sexual harassment, and the Defendant's negligence in failing to follow its manual resulted in harm to the Plaintiff. . . ." (Plaintiff's Surreply Memorandum, p. 1.)
The defendant counters that "in the absence of some form of contractual commitment, the plaintiff is considered an "at-will" employee. . . ." (Defendant's Reply Memorandum, p. 4.) The defendant further contends that "Connecticut courts have consistently held that an employer has no duty to conduct a thorough investigation before discharging an at-will employee." (Defendant's Reply Memorandum, p. 5), citing Deura v. GreenwichHospital, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 140029 (April 10, 1995) (14 Conn. L. Rptr. 49, April 4, 1995) (D'Andrea, J.) and Daley v. AetnaLife Casualty, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 533693 (August 3, 1994, Sheldon, J.).[1] As a result, the defendant concludes that "since there is no action in negligence for failing to investigate the alleged wrongdoing of the employee that is being discharged, a negligence action for failing to investigate and discipline one's co-worker — a third party — would similarly fail to state a cause of action under Connecticut law." (Defendant's Reply Memorandum, pp. 6-7).
Relying on Lattanzio v. University of Hartford, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 529459 (June 7, 1994, Corradino, J.), the plaintiff argues that the policy and procedures manual "conferred upon [the Defendant] a duty to conduct a `timely and thorough' investigation and by failing to competently conduct such an investigation it breached its duty" to the plaintiff (Plaintiff's Surreply Memorandum, pp. 1-2.) However, the Lattanzio court analyzed a claim for the breach of an implied contract between an employer and an employee, not a claim for negligent investigation. Lattanzio v. University ofHartford, supra, Superior Court, Docket No. 529459. AlthoughLattanzio implies that an employee manual may create obligations between an employer and an employee, the court reached its determination in the context of a claim for a breach of an implied contract. The plaintiff in this case has not pleaded a claim for breach of an implied employment contract. The court's opinion in CT Page 12984Lattanzio did not recognize a cause of action in negligence for failing to abide by an employee manual.
Count two of the plaintiff's revised complaint fails to state a claim upon which relief can be granted. Connecticut courts have not recognized a cause of action in negligence against an employer for failure to follow the guidelines outlined in an employee manual regarding sexual harassment by a co-worker. The facts alleged in the pleadings simply do not support a cause of action. See Murrayv. Commissioner of Transportation, supra, 31 Conn. App. 754;Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). Therefore, the defendant's motion to strike count two will be granted.
II. Count Four
In count four, the plaintiff alleges her discharge was in retaliation for the exercise of her rights protected by theFirst Amendment to the United States Constitution. The plaintiff further alleges that the defendant violated the public policy of Connecticut by discharging her because she complained about sexual assault and race problems at Yale New Haven Hospital.
The defendant argues that count four of the plaintiff's revised complaint should be stricken because a wrongful discharge claim is precluded by her claim of retaliatory discharge under General Statutes § 31-51q.[2] The defendant contends that the public policy the plaintiff has relied on for her wrongful discharge claim is the same public policy relied on for her retaliatory discharge claim under § 31-51q. Therefore, the defendant maintains that the plaintiff has a remedy available under § 31-51q or under the Fair Employment Practices Act, General Statutes § 46a-60a(4),[3] which the plaintiff did not pursue. As a result, the defendant urges the court to strike count four of the plaintiff's complaint.
The plaintiff counters that the public policies she relies on for her common law wrongful discharge claim and for her retaliatory discharge claim under § 31-51q are not the same. She maintains that the public policy underlying count three is the constitutional right of free speech and the public policy implicated in count four is the need for a safer and more productive work environment. The plaintiff, relying on Kirchnerv. Bicron Electronics Co., Superior Court, judicial district of Litchfield, Docket No. 067312 (May 4, 1995, Fineberg, J.) andMirto v. Laidlaw Transit, Inc., Superior Court, judicial district CT Page 12985 of New Haven at New Haven, Docket No. 334231 (April 26, 1993) (8 C.S.C.R 531, April 20, 1993) (Stanley, J.), argues that the common law wrongful discharge claim should not be stricken because the common law claim rests on different public policy grounds than the statutory claims under § 31-51q.
However, contrary to her assertion, the plaintiff has relied on the same public policy grounds in both her wrongful discharge claim as well as her statutory claim under § 31-51q. A claim for wrongful discharge exists only where the employee is otherwise without a remedy. Atkins v. Bridgeport Hydraulic Co.,5 Conn. App. 643, 648, 501 A.2d 1223 (1985). The plaintiff has a remedy available pursuant to General Statutes § 31-51q.
"The general rule in Connecticut is that `contracts of permanent employment, or for an indefinite term, are terminable at will.'" Good v. Goodway Technologies Corp. , Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 325462 (September 27, 1996, Hartmere, J.), quoting Coelho v. Posi-SealInternational, Inc., 208 Conn. 106, 118, 544 A.2d 170 (1988). "The doctrine of wrongful discharge, a narrow exception to the general rule, holds that an employer may be liable for discharging an employee at will if the former employee can prove a demonstrablyimproper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." Sherman v. SedgwickJames of Connecticut, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326150 (February 10, 1997, Melville, J.). "Under the exception, the employee has the burden of pleading and proving that his [or her] dismissal occurred for a reason violating public policy." Morris v. Hartford Courant Co.,200 Conn. 676, 679, 513 A.2d 66 (1986).
A claim for wrongful discharge exists only where the employee is otherwise without a remedy. Atkins v. Bridgeport HydraulicCo., supra, 5 Conn. App. 648. The plaintiff has a remedy available for her retaliatory discharge under General Statutes § 31-51q. "The cases which have established a tort or contract remedy for employees discharged for reasons violative of public policy have relied upon the fact that in the context of their case the employee was otherwise without remedy and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated." Id. See Banjeree v. Roberts,641 F. Sup. 1093, 1108 (D.Conn. 1986) ("It is evident that the Connecticut Supreme Court in Sheets did not intend to create a means for discharged employees to assert the same statute or CT Page 12986 constitutional violation twice in a single complaint. . . . Instead, the court intended merely to provide a `modicum of judicial protection' for those who did not already have a means challenging their dismissals under state law."); Sullivan v.Board of Police Commissioners, 196 Conn. 208, 491 A.2d 1096
(1985) (age discrimination claim addressable through federal ADEA or state FEPA actions); Sherman v. Sedgwick James of Connecticut, supra, Superior Court, Docket No. 326150 (wrongful discharge claim barred because General Statutes § 31-51q provides an adequate statutory remedy); Good v. Goodway Technologies Corp. , supra, Superior Court, Docket No. 325462 (General Statutes §31-72 provides an adequate remedy to address plaintiff's claim for wrongful discharge); Holub v. Babcock, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 319683 (June 27, 1996, Grogins, J.) (wrongful discharge claim barred because General Statutes § 31-51m provides an adequate statutory remedy); Deura v. Greenwich Hospital, supra,14 Conn. L. Rptr. 49 (General Statutes § 46a-60 (a)(1), the Connecticut Constitution, Article First, § 20 and the Americans with Disabilities Act provide statutory remedies to address the alleged discrimination suffered by the plaintiff);Werge v. Southern New England Telecommunications, Superior Court, judicial district of New London at New London, Docket No. 527526 (May 23, 1994, Leuba, J.) ("since statutory remedies exist, the plaintiffs cannot sustain an independent cause of action for wrongful discharge").
The plaintiff, however, points out that "the legislature could have expressed, some appropriate manner, that General Statutes § 31-51q abrogates or modified the common law rule of wrongful discharge, and chose not to." Mirto v. LaidlawTransit, Inc., supra, 8 C.S.C.R. 531. "[Several] Superior Court cases hold that a claim for wrongful discharge is not preempted if the statutory remedy is inadequate where different public policy concerns are implicated." Holub v. Babcock, supra, Superior Court, Docket No. 319683. See Kirchner v. BicronElectronics Co., supra, Superior Court, Docket No. 067312 (wrongful discharge claim permitted because the claim implicates different public policy initiatives than the claim under General Statutes § 31-51q); Mirto v. Laidlaw Transit, Inc., supra,8 C.S.C.R 531 (wrongful discharge claim permitted because provision of safe and adequate transportation to Hamden school children grounded in different public policy than the preservation of free speech under General Statutes § 31-51q); MacLean v. SchoolSisters of Notre Dame, Superior Court, judicial district of CT Page 12987 Fairfield at Bridgeport, Docket No. 289572 (March 31, 1992, Lewis, J.) (wrongful discharge claim and claim under General Statutes § 31-51q advance different public policy initiatives). In the present case, the plaintiff maintains that a violation of the public policy of the State of Connecticut (i.e., wrongfully discharging plaintiff as a result of her addressing sexual harassment and race problems in the defendant's hospital in an attempt to make the hospital a safer and more productive work environment) differs from the alleged infringement of the plaintiff's constitutional right of free speech under General Statutes § 31-51q. (Plaintiff's Memorandum in Opposition, pp. 3-4.)
The plaintiff, however, fails to plead with any specificity the public policy that has been violated. The plaintiff's revised complaint merely alleges that "the Defendant has violated the public policy of the State of Connecticut by discharging the Plaintiff on the basis of her complaining about the sexual assault and race problems at Yale New Haven Hospital." (Revised Complaint, Count Four, ¶ 41). "A finding that certain conduct contravenes public policy is not enough by itself to warrant the creation of a contract remedy for wrongful discharge by an employer." Atkins v. Bridgeport Hydraulic Co., supra,5 Conn. App. 648. "Given the inherent vagueness of the concept of public policy, it is often difficult to define precisely the contours of the exception" to the employment-at-will doctrine. Morris v.Hartford Courant Co., supra, 200 Conn. 689. The court often struggles to decide "where and how to draw the line between claims that genuinely involve the mandates of public policy and are actionable, and ordinary disputes between employee and employer that are not." Sheets v. Teddy's Frosted Foods, supra,179 Conn. 477. Therefore, it is necessary for the plaintiff to allege that the discharge violated a specific statutory or constitutional provision or contravened a judicially conceived notion of public policy. See Morris v. Hartford Courant Co., supra, 200 Conn. 680-81.
As the defendant emphasizes, the plaintiff has not specified any statute (other than General Statutes § 31-51q), constitutional provision, or judicially conceived notion public policy that protects an employee from retaliatory discharge, nor has plaintiff suggested any alternative basis for the public policy. Accordingly, the defendant's motion to strike count four will be granted on the ground of legal insufficiency because the plaintiff has failed to allege the requisite violation of a CT Page 12988 specific public policy on the part of her employer that differs from the violation of public policy the plaintiff alleges in count three.
CONCLUSION
Based on the foregoing, the defendant's motion to strike count two will be granted because there is no cause of action for negligent investigation of sexual harassment claims; and the defendant's motion to strike count four will be granted on the basis of legal insufficiency because the plaintiff has pled the same public policy violation in counts three and four.
So ordered.
Michael Hartmere, Judge