[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE PARAGRAPH 10 OF PLAINTIFF'S COMPLAINT
Plaintiff brings this action against Stop Shop for injuries she claims she suffered when she slipped and fell at a store. In Paragraph 10 of the complaint, the plaintiff, who was pregnant at the time of the fall, claims she suffered mental anguish and emotional distress from the time of the accident until after the birth of her child because of her concern over the child's potential injuries. The defendant has now moved to strike the tenth paragraph on the ground that Connecticut does not recognize a claim for bystander emotional distress. The plaintiff objects to the motion.
Plaintiff is not alleging a cause of action for bystander emotional distress. To claim that a mother is a bystander in relation to her fetus strains reason, and plaintiff is not making that claim. See Sakelarakis v. Howard,4 CSCR 339, 340 (April 20, 1989, Hodgson, J.) (motion to strike denied because mother worrying about unborn child's welfare is "foreseeable emotional distress to one to whom a duty of care is owed.") CT Page 8104
Defendant is therefore seeking to strike an individual paragraph of a complaint which does not state an entire cause of action. This is not the proper use of a motion to strike and it is therefore denied. See Zanoni v. Hudon, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket Number 399162 (March 11, 1992, Schaller, J.); Bank of Boston Connecticut v. Balbrae Associates, LTD, Judicial District of Hartford/New Britain at Hartford, Docket Number 371650 (January 25, 1991, Hennessey, J.); Depray v. St. Francis Hospital, 2 CSCR 691 (June 9, 1987, Dorsey, J.)
HIGGINS, J.