[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 10, 1997
The defendants bring their motion to strike the plaintiffs' May 28, 1996 fourteen-count amended complaint, in which the plaintiffs, Richard and Terri Johnston, allege that, on September 15, 1994, Richard Johnston sustained injuries when the vehicle he CT Page 2003 was operating, which was stopped at a light, was struck by a vehicle operated by Raymond Torres (Torres). At the time of the collision, Torres was attempting to elude two of the defendants, Michael Lyons and Charles Otero, City of Meriden (Meriden) police officers, who were pursuing Torres.
On June 21, 1996, the defendants filed their motion to strike the amended complaint in its entirety, as well as a memorandum of law in support of the motion. On July 16, 1996, the plaintiffs filed their objection, accompanied by a memorandum of law.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820,825-26, 676 A.2d 357 (1996). "If the facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id., 826.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Novametrix Medical Systems v.BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). While the motion to strike admits all facts well pleaded, "[a] motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id., 215.
To contest the legal sufficiency of a pleading, the moving party can address either the entire pleading or a portion thereof. Practice Book §§ 152, 158. If the motion to strike is based on the entire pleading, the motion will fail if any part of the pleading is viable. SeeKovacs v. Kasper, 41 Conn. Sup. 225, 226,565 A.2d 18 (1989).
In their amended complaint, the plaintiffs make the following claims. The defendants, Lyons and Otero, were negligent in initiating and continuing the pursuit of Torres, violating the policies and procedures of the Meriden Police Department and General Statutes § 14-283a.[1] (Count One.) The defendant, John Thorp, police sergeant, was negligent in command or control CT Page 2004 of the pursuit operation, by failing to terminate the pursuit, in violation of General Statutes § 14-283a and Meriden's policies and procedures regarding pursuits. (Count five.) The defendant, Robert Kosienski, Chief of the Meriden police department, was negligent in assuring appropriate training for all police officers, supervisors, commanders and dispatchers in Meriden's pursuit policies and procedures, and the defendant, Arthur Ceneviva, a Meriden police lieutenant and shift commander, was negligent in assuring appropriate training for all police supervisors, officers and dispatchers under his command in Meriden's pursuit policies and procedures. (Count nine.) Finally, because the individual defendants were Meriden's employees and were negligent in the performance of the duties of their employment, Meriden is liable for the damages and injuries to the plaintiff, Richard Johnston, pursuant to General Statutes § 52-557n.[2] (Count Thirteen.)
The defendants move to strike these counts on the ground that the individual defendants, as agents for Meriden, acted in the performance of a discretionary public duty and, therefore, the doctrine of governmental immunity, pursuant to General Statutes § 52-557n(a)(2)(B), bars the claim.
"Notwithstanding the procedural posture of a motion to strike, this court has approved the practice of deciding the issue of governmental immunity as a matter of law . . ." (Citations omitted.) Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). "[W]hen it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant [is] not required to plead governmental immunity as a special defense and [can] attack the legal sufficiency of the complaint through a motion to strike . . ." (Citations omitted.) Brown v. Branford,12 Conn. App. 106, 111 n. 3, 529 A.2d 743 (1987). See also Hiegl v.Board of Education of New Canaan, 218 Conn. 1, 8-9, 587 A.2d 423
(1991) (Supreme Court upheld trial court's granting of a motion to strike on the basis of governmental immunity); Kolaniak v.Board of Education of Bridgeport, 28 Conn. App. 277, 279,610 A.2d 193 (1992) (Connecticut appellate courts previously approved practice of deciding the issue of governmental immunity as a matter of law).
In counts two, six and ten, the plaintiffs claim indemnity CT Page 2005 from Meriden for the negligent acts of Meriden's employees, as alleged in counts one, five, and nine, pursuant to General Statutes § 7-465.[3] The defendants move to strike these counts because the claims are derivative of the claims alleged in counts one, five and nine and, the defendants argue, since those counts fail to state claims upon which relief may be granted, counts two, six and ten must also fail.
"A plaintiff bringing suit under General Statutes § 7-465
first must allege in a separate count and prove the employee's duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification." Wu v. Fairfield, 204 Conn. 435, 438,528 A.2d 364 (1979). The municipality's liability is derived from the liability of its employee. Kaye v. Manchester, 20 Conn. App. 439,443-44, 568 A.2d 459 (1990). "Thus, in a suit under § 7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual."Wu v. Fairfield, supra, 204 Conn. 438.
In counts three, seven, eleven and fourteen, the plaintiffs claim that, as a result of the defendants' negligence, allegedly causing injury to her husband, the plaintiff, Terri Johnston, suffered a loss of consortium. Because Terri Johnston's claims are wholly derivative of those claims of her husband, Richard Johnston, her claims will survive or be barred according to the disposition of the claims asserted by Richard Johnston. See Lynnv. Haybuster Mfg., Inc., 226 Conn. 282, 627 A.2d 1288 (1993);DeMarinis v. United Services Automobile Assn. Casualty Ins. Co.,44 Conn. App. 172 (1997); Murray v. Frankel, 31 Conn. App. 752,757, 626 A.2d 1328 (1993).
In counts four, eight and twelve, the plaintiffs claim that Meriden must indemnify them for the loss of consortium claimed in counts three, seven and eleven. The defendants move to strike these counts because they state derivative claims, which must fail if the counts on which they are predicated fail. See Wu v.Fairfield, supra, 204 Conn. 438; Kaye v. Manchester, supra,20 Conn. App. 443-44.
GOVERNMENTAL IMMUNITY
In Gordon, the Supreme Court reiterated its adherence to the "public duty doctrine," which furnishes the starting point of a CT Page 2006 municipal liability analysis. Gordon v. Bridgeport HousingAuthority, supra, 170. See also Redfearn v. Ennis,28 Conn. App. 398, 401, 610 A.2d 1338 (1992). "In the application of [the public duty doctrine], the problem is always to determine whether the [action] involved does create a duty to the individual. . . [I]t appears that the test is this: If the duty imposed upon the public official . . . is of such a nature that the performance of it will affect an individual in a manner different in kind from the way it affects the public at large, the [action] is one which imposes upon the official a duty to the individual, and if the official is negligent in the performance of that duty he is liable to the individual." Roman v. Stamford, 16 Conn. App. 213,220, 547 A.2d 97 (1988), aff'd, 211 Conn. 396, 559 A.2d 710
(1989).
This court finds that the individual defendants in the present case, Lyons, Otero, Thorp, Kosienski and Ceneviva, were engaged in the performance of a public duty at the time of the alleged collision, pursuant to General Statutes §§ 14-283[4]
and 14-283a. "[A]lthough the public duty doctrine provides the starting point of the analysis, distinctions between discretionary acts and ministerial acts are often controlling without regard to whether the duty is ascertained to be public or private." Gordon v. Bridgeport Housing Authority, supra,208 Conn. 170.
"Generally, a municipal employee is liable for the misperformance of ministerial acts, but has a qualified immunity in the performance of governmental acts . . . [which] are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature . . . In contrast, `[m]inisterial' refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." (Citations omitted; internal quotation marks omitted.) Mulligan v. Rioux, 229 Conn. 716, 727, 643 A.2d 1226
(1994).
In the present case, the plaintiffs argue that, while the individual defendants may have acted in the performance of their respective duties, their actions were ministerial, rather than discretionary, because the defendants acted pursuant to General Statutes § 14-283a and Meriden's Police Department policy and procedures regarding pursuits.
"The public/private duty distinction and the CT Page 2007 ministerial/discretionary test may appear to overlap and this has resulted in a lack of consistent analysis by this state's courts." Gordon v. Bridgeport Housing Authority, supra,208 Conn. 168. The more recent cases seem to adhere to the theory that once the duty is deemed to be public, "[m]unicipal liability for the breach of a public duty attaches only if the act complained of is a ministerial act or [if] one of the narrow exceptions to discretionary acts . . . applies." (Citations omitted; internal quotation marks omitted.) Roman v. Stamford, supra,16 Conn. App. 221.
The exceptions to the principle that a municipal employee is entitled to immunity from liability for the performance of discretionary acts are: (1) "where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm; . . . [(2)] where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws; . . . and [(3)] where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." Evons v. Andrews, 211 Conn. 501, 505,559 A.2d 1131 (1989); Purzycki v. Town of Fairfield,44 Conn. App. 359, 363 (1997).
Because it is well established in Connecticut that "the operation of a police department is a discretionary governmental function . . ., [and] acts or omissions in connection therewith do not give rise to liability on the part of the municipality;"Gordon v. Bridgeport Housing Authority, supra, 208 Conn. 179; this court finds that the facts alleged in counts one, five, nine and thirteen require, in some measure, an exercise of judgment by the individual municipal employees. Accordingly, the individual defendants' actions were not ministerial, but discretionary. SeeDoe v. Nunes, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 463832 (April 15, 1995) (Handy, J.) (supervision of police officers is a discretionary duty); McKenney v. Sydoriak, Superior Court, judicial district of Tolland at Rockville, Docket No. 056247 (April 5, 1995) (Sferrazza, J., 15 CONN. L. RPTR. 1) (duty by town manager regarding training of municipal police officers with respect to high speed pursuits and method of enforcing municipal policies concerning such pursuits is a public duty and not one owed to individuals and supervision of a police force is discretionary in nature, involving the exercise of judgment, particularly as to what training ought to be pursued, how often such training should CT Page 2008 take place, and which officers ought to receive the training).
This court finds that the alleged actions of the defendants Thorp (supervision), Kosienski and Ceneviva (training) do not fall within one of the three exceptions to the principle that a municipal employee is entitled to immunity from liability for the performance of discretionary acts. See Evons v. Andrews, supra,211 Conn. 505; Purzycki v. Town of Fairfield, supra,44 Conn. App. 363. Accordingly, the defendants' motion to strike counts five and nine of the amended complaint is granted on the ground of governmental immunity.
Furthermore, the derivative claims against these defendants alleged in counts six and ten for indemnification, in counts seven and eleven for loss of consortium, and in counts eight and twelve for indemnification for loss of consortium are also barred. See Wu v. Fairfield, supra, 204 Conn. 438; Murray v.Frankel, supra, 31 Conn. App. 757.
The act of pursuing Torres by the defendants, Lyons and Otero, however, appear to fall within the second exception to the principle that a municipal employee is entitled to immunity from liability for the performance of discretionary acts. Evons v.Andrews, supra, 211 Conn. 505.[5] The second exception provides that liability may attach when a statute specifically provides a cause of action against a municipality or municipal officer for failure to enforce certain laws. Id.
In the present case, the plaintiffs allege that the defendants, Lyons and Otero, pursued Torres in reckless disregard for the safety of innocent persons using the roadways, in violation of General Statutes § 14-283a and Meriden's pursuit policy, which incorporates General Statutes § 14-283.
While the decision to engage in a pursuit is discretionary and immunity may be a defense, "once pursuit begins, the officer must abide by certain rules (e.g., the use of an audible warning signal) if he is to engage in pursuit in the manner described in the complaint." Boone v. Mills, Superior Court, judicial district of Litchfield, Docket No. 051318, 2 CONN. L. RPTR. 636 (October 17, 1990) (McDonald, J.) (citing General Statutes § 14-283). Thus, the plaintiffs allege a legally sufficient claim in count one against the defendants, Lyons and Otero, which is not barred by qualified governmental immunity because their actions fall within an exception to the principle that a municipal employee is CT Page 2009 entitled to immunity from liability for the performance of discretionary acts. Evons v. Andrews, supra, 211 Conn. 505.
Furthermore, the allegations of the amended complaint, which must be read in a manner most favorable to the plaintiff, implicate the defendants' act of engaging Torres in pursuit as the proximate cause of the plaintiff s injuries. The defendants move to strike count one on the ground that the count is also barred by General Statutes § 52-557n(b)(6), which provides: "[n]otwithstanding the provisions of subsection (a) of this section, a political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties shall not be liable for damages to person or property resulting from: . . . the act or omission of someone other than an employee officer or agent of the political subdivision . . ."
The plaintiffs are correct that Tetro v. Stratford,189 Conn. 601, 458 A.2d 5 (1983), supports their claim against Lyons and Otero in count one with regard to causation. The Tetro court found that "[t]he test for finding proximate cause `is whether the harm which occurred was of the same general nature as the foreseeable risk created by the defendant's negligence.' . . . The foreseeable risk may include the acts of the plaintiff and of third parties." Id., 605, quoting Coburn v. Lenox Homes, Inc.,186 Conn. 370, 382-84, 441 A.2d 620 (1982). "The intervention of a negligent or even reckless behavior by the driver of the car whom the police pursue does not . . . require the conclusion that there is a lack of proximate cause between police negligence and an innocent victim's injuries." Id., 607. The plaintiffs further cite the Supreme Court's finding that General Statutes § 14-283 ". . . does not relieve operators of emergency vehicles from their general duty to exercise due care for the safety of others." Id., 609.
The plaintiffs state a legally sufficient claim against Lyons and Otero in count one based on the foregoing discussion and, accordingly, the motion to strike this count is denied.
Furthermore, the Connecticut Supreme Court has "construed [General Statutes] § 52-557n to bar . . . actions in negligence or for breach of ministerial duty brought against the municipality directly or derivatively by way of the indemnification statute, [General Statutes] § 7-465." Sanzonev. Board of Police Commissioners of Bridgeport, 219 Conn. 179, CT Page 2010 200, 592 A.2d 912 (1991). Thus, because the plaintiffs state a cause of action directly against Meriden in count thirteen for negligence, the court grants the motion to strike this count of the amended complaint.
In count fourteen of the amended complaint, the plaintiffs allege loss of consortium, based on the allegations against Meriden, as set forth in count thirteen. In Sanzone v. Board ofPolice Commissioners, supra, the Supreme Court reviewed the legislative history of General Statutes § 52-557n. Id., 186-89. Finding that the legislative history "fail[ed] to illuminate the statute's meaning," the court turned to "the traditional rules of English grammar and of statutory construction" and found that General Statutes § 52-557n implicitly bars claims for loss of consortium. Id., 189, 199-200. See also Lynn v. HaybusterMfg., Inc., supra, 226 Conn. 294 (where court, analyzing Sanzone,
found that, because they were "[r]eluctant to circumvent the general common law immunity of municipalities absent specific legislative authorization, [the court] concluded that § 52-557n barred claims for loss of consortium").
Indeed, the plaintiffs concede that count fourteen does not state a valid cause of action based on the foregoing Supreme Court discussions. (Plaintiffs' Memorandum of Law Objecting to Defendants' Motion to Strike the Revised Complaint, p. 17.) Accordingly, the court grants the defendants' motion to strike count fourteen of the amended complaint.
INDEMNIFICATION CLAIM
Since the court has denied the defendants' motion as to count one against the defendant police officers, Lyons and Otero, the motion is also denied as to count two against Meriden for indemnification. See Kaye v. Manchester, supra,20 Conn. App. 443-44 (municipality's liability is derived from the liability of its employee).
CONSORTIUM CLAIM
In count three of the amended complaint, the plaintiffs claim loss of consortium based on the negligent actions by the defendants, Lyons and Otero, complained of in count one. "The cause of action for loss of consortium has evolved over time in Connecticut. Because of the legal status of married women in earlier times, the common law cause of action for loss of CT Page 2011 consortium generally was only available to husbands. . . After the legislature had altered the status of married women, so that a married woman could recover damages for personal injury in her own right, our Supreme Court denied a right of recovery for loss of consortium to either spouse. Marri v. Stamford Street R. Co.,84 Conn. 9, 78 A. 582 (1911). Marri was overruled in Hopson v.St. Mary's Hospital, supra. Our Supreme Court in Hopson held that either spouse has a claim for loss of consortium shown to arise from a personal injury to the other spouse caused by negligence of a third person." Demarinis v. United Services Automobile Assn.Casualty Ins. Co., supra, 44 Conn. App. 176.
"Because the husband's right to bring a loss of consortium claim existed prior to 1818, the legislature was not free to eradicate it where the underlying claim of negligence was against a third party who was not a municipality." Lynn v. HaybusterMfg., Inc., supra, 226 Conn. 288, citing Sanzone v. Board ofPolice Commissioners, supra, 219 Conn. 199. The court finds that the plaintiffs' claim in count three against the defendants, Lyons and Otero, because it is derivative of the actions alleged in count one, states a legally cognizant cause of action. Accordingly, the court denies the motion to strike this count.
Count four of the amended complaint seeks indemnification from Meriden, pursuant to General Statutes § 7-465, for the plaintiffs' loss of consortium claim against the defendants, Lyons and Otero, asserted in count three. The defendants argue that a claim for loss of consortium cannot be brought under the language of General Statutes § 7-465, as the claim does not involve physical damage to a person or to property. The defendants fail to cite case law, nor can any be found, to support this proposition.
Because the plaintiffs' claim in count four for loss of consortium is derivative of the claim in count one arising from injury to Richard Johnston, the loss of consortium claim could not come into existence without the injury. DeMarinis v. UnitedServices Automobile Assn. Casualty Ins. Co., supra,44 Conn. App. 178. Accordingly, there is no need for Terri Johnston to plead physical damage to her person or to her property. See Izzo v.Colonial Penn Insurance Co., 203 Conn. 305, 313, 524 A.2d 641
(1987).
"What is of constitutional dimensions . . . is the right of redress and not the nature of the particular injury for which CT Page 2012 redress is sought . . . [I]t is within the province of the legislature to redefine the established law." (Internal quotation marks omitted.) Sanzone v. Board of Police Commissioners, supra,219 Conn. 200. "The claim by a wife for loss of consortium, although not in existence prior to 1818, is now firmly rooted in our common law . . . Interpreting a statute to impair an existing interest or to change radically existing law is appropriate only if the language of the legislature plainly and unambiguously reflects such an intent." (Citations omitted.) Lynn v. HaybusterMfg., Inc., supra, 226 Conn. 289.
This court finds that the plaintiffs substantially comply with General Statutes § 7-465 in bringing their claim for indemnification for loss of consortium in count four. Accordingly, the court denies the motion as to count four.
RECKLESSNESS CLAIMS
Finally, the defendants move to strike counts two, four, six, eight, ten, twelve, thirteen and fourteen because the plaintiffs allege that the defendants' actions were taken in reckless disregard for the safety of innocent persons. Since the court has granted the motion to strike counts six, eight, ten, twelve, thirteen and fourteen on the basis of the foregoing discussion, there is no need to address this argument as to those counts.
The defendants bring their motion to strike counts two and four of the amended complaint based on the plaintiffs' allegation of recklessness in paragraph six in count one of the amended complaint, subparagraphs (d) and (j), which is incorporated by reference and made part of counts two and four. The plaintiffs, in opposition to the defendants' motion, argue that a motion to strike is not properly brought against particular paragraphs of a complaint.
A motion to strike can address individual counts of the pleading being attacked. Practice Book § 158. However, the motion cannot attack a single paragraph of the pleading that does not state a cause of action. See Fromkin v. Brown, Superior Court, judicial district of New Haven at New Haven, Docket No. 334095 (March 3, 1994) (Hartmere, J., 9 CSCR 329); Cloutier v.Stop Shos Cos., Superior Court, judicial district of Middlesex at Middletown, Docket No. 68409 (September 7, 1993) (Higgins. J.,8 CSCR 1000). "Likewise, where individual paragraphs standing alone do not purport to state a cause of action, a motion to CT Page 2013 strike cannot be used to attack the legal sufficiency of those paragraphs." (Citations omitted; internal quotation marks omitted.) Zavo v. Montanaro, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 313902 (January 25, 1995) (Cocco, J.).
Because a motion to strike cannot be used to attack individual paragraphs in a pleading, the defendants' motion as to counts two and four is denied on this basis, as well.
In summary, the court denies the defendants' motion to strike counts one through four of the plaintiffs' amended complaint because these counts state legally sufficient causes of action. The court grants the defendants' motion as to counts five through fourteen because these claims are barred by the doctrine of governmental immunity and do not, therefore, state legally sufficient causes of action.
Hennessey, J.