## Thomas W. Murray et al. *v.* Emil H. Frankel, Commissioner of Transportation
### (11392)

Daly, Foti and Landau, Js.

Argued May 3—decision released June 29, 1993

*David Minicozzi,* for the appellants (plaintiffs).

*Raymond J. Plouffe, Jr.,* for the appellee (defendant).

Daly, J. The plaintiffs appeal from the trial court's judgment rendered in favor of the defendant, the com-

missioner of transportation, following the granting of the defendant's motion to strike the plaintiffs' complaint for lack of adequate notice under the defective highway statute, General Statutes § 13a-144.[1] We affirm the judgment of the trial court.

The plaintiffs filed a two count revised complaint on December 2, 1991. The first count alleged that at approximately 10:30 p.m. on August 5, 1990, the named plaintiff was standing on the northern edge of Clintonville Road, also known as Route 22, in the town of North Haven. He was assisting his niece, who was having car trouble, when a metal storm grate on which he stepped collapsed causing him to fall and suffer injuries. The named plaintiff alleged that he provided the defendant with effective and timely notice of the defective highway as required by § 13a-144 in the form of a letter dated August 29, 1990. A copy of the letter was attached to the complaint. This purported notice identified the location of the grate simply as "the northern curbline of Route 22." Route 22 is a public highway running in an east-west direction through North Haven. The second count alleges that the named plaintiff's spouse suffered a loss of consortium as a result of the accident.

---

[1] General Statutes § 13a-144 provides in pertinent part: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair, or by reason of the lack of any railing or fence on the side of such bridge or part of such road which may be raised above the adjoining ground so as to be unsafe for travel or, in case of the death of any person by reason of any such neglect or default, the executor or administrator of such person, may bring a civil action to recover damages sustained thereby against the commissioner in the superior court. No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner. . . ."

The defendant filed a motion to strike, claiming that the notice was defective as a matter of law because it (1) failed to describe adequately the location of the accident, and (2) did not describe any injury incurred by the named plaintiff's spouse. The trial court granted the motion to strike the first count because it lacked specificity as to the location of the alleged injury. The second count was also stricken because the notice failed to mention the loss of consortium claim, because the claim was barred given that the named plaintiff's claim under § 13a-144 was barred, and because recovery for the loss of consortium was not available in an action governed by § 13a-144.

The plaintiffs did not want to replead and, therefore, at their request, the trial court rendered judgment in favor of the defendant and this appeal ensued.

"A motion to strike challenges the legal sufficiency of a pleading." *Mingachos* v. *CBS, Inc.*, 196 Conn 91, 108, 491 A.2d 368 (1985); Practice Book §§ 152 through 158. Where an appeal is based on a motion to strike, the court should "take the facts to be those alleged in the plaintiff's complaint . . . and . . . construe the complaint in the manner most favorable to the pleader." *Sheets* v. *Teddy's Frosted Foods, Inc.*, 179 Conn. 471, 472, 427 A.2d 385 (1980). This court's review in the present case is based on only those facts that are well pleaded without consideration of legal conclusions in the pleadings. If the well pleaded facts fail to support a cause of action, the motion to strike was properly granted. *Mingachos* v. *CBS, Inc.*, supra, 109.

"It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases . . . . *White* v. *Burns*, 213 Conn. 307, 312, 567 A.2d 1195 (1990). Section 13a-144 creates a legislative exception to this common law rule

and therefore must be strictly construed. Id., 321; *Ozmun* v. *Burns,* 18 Conn. App. 677, 680, 559 A.2d 1143 (1989). The statutorily required notice is a condition precedent to maintaining a cause of action, and if this requirement is not met, no cause of action exists. *Warkentin* v. *Burns,* 223 Conn. 14, 18, 610 A.2d 1287 (1992); *Wethersfield* v. *National Fire Ins. Co.,* 145 Conn. 368, 371, 143 A.2d 454 (1958); *Rapid Motor Lines, Inc.* v. *Cox,* 134 Conn. 235, 237–38, 56 A.2d 519 (1947). The sufficiency of the notice is tested with reference to the purpose for which it is required. *Warkentin* v. *Burns,* supra. The purpose of the notice requirement is to furnish the commissioner with such precise information as to time and place as will enable [the commissioner] to inquire into the facts of the case intelligently; *Schaap* v. *Meriden,* 139 Conn. 254, 256, 93 A.2d 152 (1952), quoting *Shaw* v. *Waterbury,* 46 Conn. 263, 266 (1878); and to protect the state's interests. *Warkentin* v. *Burns,* supra, 20." (Internal quotation marks omitted.) *Bresnan* v. *Frankel,* 224 Conn. 23, 25–26, 615 A.2d 1040 (1992).

The plaintiffs first argue that the issue of the adequacy of the notice under § 13a-144 was a question of fact for the jury, not the trial court, to decide. We disagree. " 'Ordinarily, the question of the adequacy of notice is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case. *Morico* v. *Cox,* 134 Conn. 218, 223, 56 A.2d 522 (1947). . . .' *Zotta* v. *Burns,* [8 Conn. App. 169], 173[, 511 A.2d 373 (1986)]." *Bresnan* v. *Frankel,* supra, 27–28. "Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice patently meets or fails to meet . . . the statutory requirements. . . . *Zotta* v. *Burns,* supra, 173." (Internal quotation marks omitted.) *Bresnan* v. *Frankel,* supra, 28.

In *Bresnan* v. *Frankel,* supra, our Supreme Court found that the description of the location of the accident as "Route 14A, Plainfield, Connecticut" was inadequate because "[w]ithout further detail, identification of the site of an accident as a six mile roadway is wholly inadequate to comply with the purpose of the statutory notice. Cf. *Schaap* v. *Meriden,* supra, 255–56; *Ozmun* v. *Burns,* supra, 679–80 . . . ." (Citation omitted.) Here, the description was as general and, therefore, the trial court properly determined as a matter of law that the notice provided to the commissioner was inadequate.

The plaintiffs also assert that, assuming the description "the northern curbline of Route 22" was insufficient, the commissioner must have had actual notice of the site of the accident because the grate was repaired. The plaintiffs improperly rely on the fact that the grate was repaired, since such repair does not satisfy the notice requirement of § 13a-144. See *Bresnan* v. *Frankel,* supra, 27 (the fact that police had notified the department of transportation of flooding before the accident did not meet the notice requirement). "The statutory notice must be furnished by the injured parties, 'either individually or through a representative,' to the commissioner. *Warkentin* v. *Burns,* supra, 18, 19 n.6; *Zotta* v. *Burns,* [supra,] 174; *Moffett* v. *Burns,* supra." *Bresnan* v. *Frankel,* supra.

Turning to the plaintiffs' claim that the motion to strike the second count of the revised complaint was improperly granted, we agree with the trial court's decision because "[a]n action for loss of consortium is derivative of the injured spouse's cause of action." *Sanzone* v. *Board of Police Commissioners,* 219 Conn. 179, 199, 592 A.2d 912 (1991) (involving claim under General Statutes § 13a-149). Although General Statutes § 13a-144 gives the injured traveler the right to recover against the state, it does not permit the recovery of

damages for loss of consortium. *Amore* v. *Frankel,* 29 Conn. App. 565, 573, 616 A.2d 1152 (1992), cert. granted on other grounds, 225 Conn. 904, 424 A.2d 286 (1993); see *Sanzone* v. *Board of Police Commissioners,* supra. Thus, the legislature was unwilling to recognize consortium claims as an exception to the doctrine of sovereign immunity when it enacted § 13a-144. *Amore* v. *Frankel,* supra. Because the named plaintiff's claim is barred, the derivative claim of loss of consortium is also barred.[2]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] Even if the second count were not barred by the doctrine of sovereign immunity, a notice of the loss of consortium claim was not provided by the plaintiffs to the defendant within ninety days as required by General Statutes § 13a-144. Therefore, the second count is legally insufficient.