[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE
In this case, the court directed a verdict for the defendant.
The case arises out of an allegedly loose manhole cover on Fairfield Avenue in the City of Bridgeport. The plaintiff claims that the manhole cover was dislodged by a car in front of his car, causing it to strike his car and causing him to lose control which resulted in his vehicle striking a tree.
Thereafter, within the ninety days required in Connecticut General Statutes, § 13a-149, the plaintiff gave written notice to the defendant City of Bridgeport, describing the location of the occurrence as "a dangerous and defective condition on Fairfield Avenue in the City of Bridgeport."
Evidence in the case disclosed that Fairfield Avenue in Bridgeport is at lease three miles long and, indeed, was described by the plaintiff as being six miles long, with hundreds of manhole covers located over its length.
Connecticut General Statutes § 13-149, which governs this action, requires among other things, that in order to maintain this action, written notice of the place of occurrence shall have been given to the clerk of the defendant city. Designating the place of the injury as Fairfield Avenue in the City of Bridgeport is hardly adequate notice.
The cases which hold that the purpose of the requirement of notice is "to furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection", are too numerous to cite. Describing the place of the accident as a dangerous and defective condition on Fairfield Avenue in the City of Bridgeport (a street more than three miles in length) hardly provides such a reasonable guide.
The plaintiff argues, however, that the savings clause in Connecticut General Statutes § 13a-149, was sufficient to allow this case to go to the jury on a question of fact as to whether there was an intention to mislead the City and whether the City was in fact misled. CT Page 3616 The savings clause provides for protection in the case of an inaccuracy in describing the place of the occurrence, not in the case of a total failure to describe such place.
The plaintiff further argues that, in determining the sufficiency of the notice, the totality of circumstances should be considered, claiming that the City had actual notice and repaired the defect prior to the giving of such notice. This claim has reference to the testimony of a neighbor, Catherine Piertzak, who related that she complained about the alleged defective manhole cover to city personnel several times prior to the plaintiffs' accident. Such complaints do not satisfy the requirements of Connecticut General Statutes § 13a-149 which mandates that written notice to given to the City clerk as a condition precedent to maintaining the action. "Knowledge of the facts by officers of the City will not obviate the necessity of such compliance." Nicholaus v.Bridgeport, 117 Conn. 398, 401. Nor does the fact that the manhole cover was repaired satisfy the requirements of statutory notice. Murrayv. Commissioner of Transportation, 31 Conn. App. 752, 756. See also,Bresnan v. Frankel, 224 Conn. 23, 27 which holds that the statutory notice must be furnished by the injured party --- "Information provided by third party sources --- no matter how precise, cannot cure defects in the plaintiff's notice."
The Motion to Set Aside the Verdict is denied.
MILTON BELINKIE JUDGE TRIAL REFEREE