[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
On July 3, 1996, the plaintiffs, Sheri and Martin Konopko, filed a four count complaint against the defendants, the town of Guilford, G. Rosemary Waldron, principal of Calvin Leete School and John Wilson, Jay Lindberg, Thomas Martin and Pablo Gonzalez, custodians at the Calvin Leete School. In their complaint, the plaintiffs allege the following facts. On June 23, 1994, the plaintiff, Sheri Konopko, went to Calvin Leete School, located in Guilford, Connecticut, to pick up her children. After entering the school and proceeding through the cafeteria, the plaintiff slipped and fell on a tile floor that was wet. CT Page 9625
In count one of the complaint, the plaintiff, Sheri Konopko, alleges that the custodian defendants were negligent and careless and that, as a result of their negligence, she was injured. In count two, Sheri Konopko alleges that the defendant, G. Rosemary Waldron was negligent in supervising the custodians, allowing the cafeteria floor to be wet, and in failing to warn or take actions to prevent an injury such as the plaintiff incurred. In count three, the plaintiff, Martin Konopko alleges loss of consortium against all the defendants. In count four, both plaintiffs claim indemnity from the town for the carelessness and negligence of the town's employees.
On July 10, 1996, the defendants filed their answer and two special defenses. On November 13, 1996, the plaintiffs successfully moved to strike the defendants' special defense of government immunity. The defendants filed an amended answer and special defenses on February 18, 1997. The plaintiffs again successfully moved to strike the defendants' special defense of government immunity on February 28, 1997. The defendants filed the operative amended answer and special defenses on May 16, 1997 and the plaintiffs' May 28, 1997 motion to strike the defendants' amended special defense of government immunity is currently before the court. A supporting memorandum of law accompanies the plaintiffs' motion to strike. The defendants filed a memorandum of law in opposition to the motion on July 14, 1997.
DISCUSSION
"The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded. See Practice Book § 152." Napoletano v. Cigna Healthcare ofConnecticut, Inc., 238 Conn. 216, 232, 680 A.2d 127 (1996).
The Connecticut Supreme Court determined that "governmental immunity must be raised as a special defense in the defendant's pleadings. . . . Governmental immunity is essentially a defense of confession and avoidance similar to other defenses required to be affirmatively pleaded [under Practice Book § 164]. . . . The purpose of requiring affirmative pleading is to apprise the court and the opposing party of the issues to be tried and to prevent concealment of the issues until the trial is underway." (Citations omitted; internal quotation marks omitted.) WestportTaxi Service v. Westport Transit District, 235 Conn. 1, 24,664 A.2d 719 (1995). A motion to strike may be used to contest the CT Page 9626 legal sufficiency of the answer to a complaint or any part of the answer, including any special defenses. Connecticut National Bankv. Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992). "Notwithstanding the procedural posture of a motion to strike, this court has approved the practice of deciding the issue of governmental immunity as a matter of law. . . ." (Citations omitted.) Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988).
The plaintiffs move to strike the defendants' amended defense of government immunity on the grounds that the special defense of government immunity is, as a matter of law, not a defense to the causes of action asserted in the complaint. The plaintiffs contend that, because the four counts of the complaint assert claims pursuant to General Statutes § 7-465, the government immunity defense is barred.[1] In the alternative, the plaintiffs move to strike the defendants' special defense of government immunity on the ground that the complaint alleges that the individual defendants negligently performed activities which, as a matter of law, preclude the government immunity defense from attaching.
In opposition, the defendants argue that, to successfully plead a cause of action under General Statutes § 7-465, a plaintiff must first allege and prove, in a separate count, a municipal employee's duty to the plaintiff and breach thereof. Furthermore, the defendants argue, General Statutes § 7-465
prevents a municipality from pleading government immunity as a defense to a claim for indemnification and does not apply to individual employees who are defendants.
"Unlike the state, municipalities have no sovereign immunity from suit. . . . Rather, municipal governments have a limited immunity from liability." (Citation omitted; internal quotation marks omitted.) Westport Taxi Service v. Westport TransitDistrict, supra, 235 Conn. 26. "A municipality's potential liability for its tortious acts is limited by the common law principle of government immunity. . . . Governmental immunity, however, is not a blanket protection for all official acts. For example, a municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts." (Citations omitted; internal quotation marks omitted.) Heigl v.Board of Education, 218 Conn. 1, 4-5, 587 A.2d 423 (1991).
"A plaintiff bringing suit under General Statutes § 7-465
CT Page 9627 first must allege in a separate count and prove the employee's duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification." Wu v. Fairfield, 204 Conn. 435, 438,528 A.2d 364 (1979). The municipality's liability is, therefore, derived from the liability of its employee. Kay v. Manchester,20 Conn. App. 439, 443-44, 568 A.2d 459 (1990). "Thus, in a suit under § 7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual." Wu v. Fairfield, supra, 204 Conn. 438.
Accordingly, because the plaintiffs allege a cause of action against the individual municipal employees in counts one and two, the defendants may raise the special defense of government immunity as to the alleged actions of the individual defendants, which may, in turn, preclude a cause of action pursuant to General Statutes § 7-465. The special defense of government immunity to the claims in counts one and two of the complaint, therefore, is not barred by General Statutes § 7-465.
The court must next decide whether the acts alleged in counts one and two of the complaint are the type of acts to which the defense of government immunity may not attach. "Generally, a municipal employee is liable for the misperformance of ministerial acts, but has a qualified immunity in the performance of governmental acts . . . . [which] are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . In contrast, `[m]inisterial' refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." (Citations omitted; internal quotation marks omitted.) Mulligan v. Rioux, 229 Conn. 716, 727,643 A.2d 1226 (1994).
In the present case, the alleged acts of the defendant, Waldron, are discretionary. "Considerations of who to hire, how to train such people, and how to supervise employees are decisions requiring the use of judgment and discretion. SeeGordon v. Bridgeport Housing Authority, supra, 208 Conn. 179."Gervais v. West Hartford Board of Educ., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 555396 (July 25, 1996, Lavine, J.) (17 Conn. L. Rptr. 385). Similarly, the defendants argue that a custodian uses judgment and discretion in choosing how to maintain a school's cafeteria, unless the plaintiffs submit proof that there is a directive CT Page 9628 regarding the procedures to be used. See Kolaniak v. Board ofEducation, 28 Conn. App. 277, 281, 610 A.2d 193 (1992) (where court found that, because Board of Education issued a bulletin directing custodians and maintenance personnel to keep walkways of school clear of snow and ice, acts of these workers not discretionary).
"The determination of whether official acts or omissions are ministerial or discretionary is a question of fact for the fact finder." Beach v. Regional School District Number 13,42 Conn. App. 542, 553, 682 A.2d 118 (1996); see also Gordon v. BridgeportHousing Authority, supra, 208 Conn. 180-81; Kolaniak v. Board ofEducation, supra, 28 Conn. App. 283 n. 4. Therefore, the court cannot determine whether the defendants' acts, as alleged in counts one and two of the complaint, are discretionary or ministerial on a motion to strike. Accordingly, the court denies the plaintiffs' motion to strike the defendants' special defense of government immunity as to counts one and two of the complaint against the individual defendants.
The next issue to be decided is whether the special defense of government immunity applies to the plaintiffs' claim of loss of consortium in count three of the complaint. Because Martin Konopko's claim of loss of consortium is wholly derivative of the claim asserted by his wife, Sheri Konopko, his claims will survive or be barred according to the disposition of the claims asserted by Sheri Konopko. See Lynn v. Haybuster Mfg., Inc.,226 Conn. 282, 627 A.2d 1288 (1993); DeMarinis v. United ServicesAutomobile Assn. Casualty Ins. Co., 44 Conn. App. 172,687 A.2d 1305 (1997); Murray v. Frankel, 31 Conn. App. 752, 757,626 A.2d 1328 (1993). Accordingly, the plaintiffs' motion to strike the defendants' special defense of government immunity as to the third count of the complaint is denied.
Finally, the court must decide whether the defendants' special defense is legally sufficient as it relates to count four of the complaint. In count four, the plaintiffs allege indemnification by the town for the acts of the municipal employees, as alleged in counts one and two of the complaint. The plaintiffs are correct when they assert that General Statutes § 7-465 bars the defense of government immunity to a cause of action brought under this statute.
The defendants, however, are also correct when they argue that a claim for indemnification is derivative of a claim against CT Page 9629 an individual employee. Thus, if the claim against an individual employee fails because the employee is immune from suit under the doctrine of government immunity, there is no claim for the town to indemnify. See Wu v. Fairfield, supra, 204 Conn. 438; Kaye v.Manchester, supra, 20 Conn. App. 443-44.
The court finds that the defendants do not assert the defense of government immunity for the plaintiffs' claim of indemnification against the town. Rather, the defendants assert that, because indemnification is derivative of a finding of liability for the individual municipal employees, the plaintiffs' claim for indemnification will fail if the counts predicated on the individual defendants' liability fail. Accordingly, because the defendants state legally sufficient special defenses to counts one and two of the complaint, the plaintiffs' motion to strike the special defense as to count four is denied.
Kevin P. McMahon, Judge