[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Thomas E. Joyner, Jr. and Lorna Joyner, bring this action for losses and injuries sustained when their vehicle was struck by the motor vehicle operated by the defendant, Bertha Auger. The plaintiffs allege that the defendant entered an intersection in disregard of a red traffic signal and collided with their vehicle.
The plaintiffs further allege that due to the injuries sustained from the accident, Thomas Joyner was required by the United States Navy to terminate his tour of duty in Groton, CT and relocate to the Naval Station Pearl Harbor in Hawaii.
On April 7, 1999, the plaintiffs filed a two count "Third Amended Complaint" alleging negligence (count one) and loss of consortium (count two)
On May 17, 1999, the defendant filed a motion to strike count two of the complaint on the grounds that the damages claimed were not proper elements of a loss of consortium claim under Connecticut law.
In count two of the complaint, the plaintiff, Lorna Joyner, alleged economic losses from the transfer of her husband in that: (1) she was forced to resign from her nursing position and has been unable to obtain similar employment in Hawaii; (2) she has lost the child care services of her family in Connecticut and has been forced to assume additional child care responsibilities; (3) CT Page 10664 she has had to remove her children from Connecticut schools and place them in Hawaiian schools that did not provide the same quality of education; and (4) she has suffered financial losses due to the higher cost of living in Hawaii.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . [W]e must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael,Inc. v. Sea Shell Associates, 244 Conn. 269, 270-71,705 A.2d 558 (1998)
In Connecticut, a spouse has a claim for loss of consortium shown to arise from a personal injury to the other spouse caused by the negligence of a third party. Demarinis v. United ServicesAutomobile Assn. Casualty Ins. Co., 44 Conn. App. 172, 176,687 A.2d 1305 (1997). "Any tort causing direct physical injury to one spouse will give rise to a claim for loss of consortium by the other." W. Posser and W. Keeton, Torts (5th Ed. 1984) 124, p. 932.
[A] claim for a loss of consortium is derivative of the injured spouse's cause of action . . . But although it is derivative, it is still a separate cause of action, dependent for its assertion on the legal viability of the cause of action in the injured party . . . Its nature, while no bar to its status as a separate cause of action . . . is such that it is not truly independent, but rather derivative and inextricably attached to the claim of the injured spouse." (Citations omitted; internal quotation marks omitted.) Champagne v. Raybestos-Manhattan. Inc.,212 Conn. 509, 563-64, 562 A.2d 1100 (1989)
The term `consortium' is usually defined as encompassing the services of the wife, the financial support of the husband, and the variety of intangible relations which exist between spouses living together in marriage. . . . These intangible elements are generally described in terms of affection, society, companionship and sexual relations. . . . These intangibles have also been defined as the constellation of companionship, dependence, reliance, affection, sharing and aid which are legally recognizable, protected rights arising out of the civil contract of marriage." (Citations CT Page 10665 omitted; internal quotation marks omitted.) Hopson v. St. Mary'sHospital, 176 Conn. 485, 487, 408 A.2d 260 (1979). See alsoIzzo v. Colonial Penn Insurance Company, 203 Conn. 305,312, 524 A.2d 641 (1987). "Damages for loss of consortium include future as well as past suffering." Shegog v. Zabrecky,36 Conn. App. 737, 751, 654 A.2d 771, cert. denied, 232 Conn. 922,656 A.2d 675 (1995)
The defendant argues that the losses claimed in count two of the complaint are improper because they are unrelated to the "conceptualistic unity" of the marriage relationship that combines both the services and sentimental elements under the "loss of consortium" umbrella.
In opposition, the plaintiffs argue that a loss of consortium claim is not restricted to the loss of the intangible benefits of marriage, but rather, includes economic losses as well. In support of this proposition, the plaintiffs cite to Russo v.Brock's Hospitality Group, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 149519 (February 28, 1997, Lewis, J.), wherein the court acknowledged that the necessity of rendering care and attention to an injured spouse are recognized components of a loss of consortium claim.[1]
It is clear that the losses maintainable under a loss of consortium claim are those which are associated with the services provided between husband and wife and with the intangible elements of the marital union itself. Hence, a loss of consortium claim is intended to compensate a spouse for the loss of what was, or what might have been a part of the marital relationship were it not for the injury sustained by the other spouse (i.e. the loss of companionship, affection, society). The action is not, however, intended to reimburse a spouse for financial losses indirectly related to the other spouse's injury or to the marital union.
Here, Mrs. Joyner does not seek compensation for the extraordinary health care services she has had to provide to her injured husband. Nor does Mrs. Joyner allege a loss of the financial support of her husband, or a loss of the intangible benefits of marriage as a direct result of the injuries her husband sustained from the subject accident. Rather, Mrs. Joyner claims "economic losses" incurred as a result of the subsequent transfer of her husband by the United States Navy. CT Page 10666
Moreover, contrary to the plaintiffs' argument, Russo does not support the recovery of the economic damages sought by the plaintiffs. As previously noted, the term "consortium" includes the services of a wife. In Russo, the losses claimed by the wife stemmed from the services she was required to give to her husband (i.e. health care and attention), which were above and beyond the ordinary, as a result of the injuries her husband sustained because of the negligence of another.
Since the losses alleged by Mrs. Joyner are unrelated to the marital union, they are non-compensable under a loss of consortium claim. Accordingly, the motion to strike is granted.
Martin. J.