[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants, Lime Rock Associates, Inc. d/b/a Lime Rock Park, Skip Barber Racing School, Inc., and Skip Barber Properties, L.L.C., have moved to strike the plaintiff's amended complaint. The defendants claim that the plaintiffs amended complaint, dated August 1, 2000, has failed to state a claim upon which relief can be granted and has failed to allege a factual basis for the plaintiffs claim and, as such, is legally insufficient. The plaintiff, who appears pro se, did not file a brief in opposition to the motion.
 FACTS
On May 16, 2000, the plaintiff Andrea Monk, instituted this action by serving a complaint upon the defendants claiming loss of consortium. The plaintiff alleges that she was married to Antony Monk when he was killed in an automobile accident at Lime Rock Park on May 16, 1998. The plaintiff alleges that her husband was killed while navigating the defendants race course and his injuries and death were caused by the defendants' negligence. As a result of the death of her husband, the plaintiff claims loss of support, maintenance, consortium and companionship.
The plaintiff also alleges that the decedent's estate instituted a wrongful death action in the judicial district of Fairfield at Bridgeport based on the May 16, 1998 accident, which the plaintiff intends to consolidate with this action. The plaintiff has taken no action to do so.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded."Parsons v. United Technologies Corp., 243 Conn. 66, 68, 700 A.2d 655
(1997). "The court must construe the facts in the complaint most CT Page 14119 favorably to the plaintiff." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 580. 693 A.2d 293 (1997). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). Nonetheless, the court must view the facts "in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly probable under them." (Internal quotation marks omitted.) Zeller v. Mark, 14 Conn. App. 651, 654,542 A.2d 752 (1988); see Doe v. Yale University, 252 Conn. 641, 667;748 A.2d 834 (2000).
An action for loss of consortium is derived from the injured spouses's cause of action. "Loss of consortium, although a separate cause of action, is not truly independent, but rather derivative and inextricably attached to the claim of the injured spouse." Izzo v. Colonial Penn Ins.Co., 203 Conn. 305, 312, 524 A.2d 641 (1987). An action for loss of consortium must be joined with the wrongful death action. See General Statutes § 52-555b.[1] When the "plaintiffs claim is barred, the derivative claim of loss of consortium is also barred." Murray v.Commissioner of Transportation, 31 Conn. App. 752, 757, 626 A.2d 1328
(1993); see also Jacoby v. Brinckerhoff. 250 Conn. 86, 91-92, 735 A.2d 347
(1999) (where the injured party did not pursue malpractice claim against psychologist, spouse could not pursue claim for loss of consortium). "General Statutes Secs. 52-555a to 52-555d were enacted as supplement to the wrongful death statute by the Connecticut Legislature, in 1989, for the sole purpose of recognizing a postmortem claim for loss of consortium that did not exist previously in Connecticut and that the statutory scheme did not purport to change the nature of the claim for loss of consortium which had always been recognized as a separate but derivative of a bodily injury sustained by the injured spouse." DeMarmnis v. USAACasualty Ins. Co., Inc., Superior Court, Judicial District of Middlesex, Docket No. 69782 (Feb. 15, 1996, Spallone, J.T.R.), aff'd,44 Conn. App. 172, 687 A.2d 1305 (1997).
In this action, the plaintiff brought an action which is separate and apart from the wrongful death action brought by her spouse's estate. While she has pleaded her intentions to consolidate that action with this action, that has not been accomplished. Since a loss of consortium action is a derivative action and there is no basis in this action to find that her former spouse was injured as a result of the defendant's negligence, the motion to strike is granted.
Matasavage, J.