******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

BIN DING *v.* RUBEN A. LAZARO ET AL.
(AC 38297)

Lavine, Alvord and Pellegrino, Js.

*Argued January 12—officially released March 14, 2017*

(Appeal from Superior Court, judicial district of Stamford-Norwalk, Hon. Kevin Tierney, judge trial referee.)

*Lorinda S. Coon*, for the appellant (defendant state of Connecticut).

*Anthony L. Cenatiempo*, with whom, on the brief, was *Prerna Rao*, for the appellee (plaintiff).

*Opinion*

ALVORD, J. The defendant state of Connecticut[1] appeals from judgment of the trial court denying its motion to dismiss count three of the plaintiff's complaint for lack of subject matter jurisdiction.[2] The defendant claims that the trial court improperly concluded that sovereign immunity did not deprive it of subject matter jurisdiction because the plaintiff's statutorily required notice of claim under the state highway defect statute, General Statutes § 13a-144,[3] was not patently defective in its description of the place of injury.[4] We affirm the judgment of the trial court.

The record reveals the following procedural history. By a letter dated October 19, 2012, the plaintiff, Bin Ding, sent notice of his intent to bring an action pursuant to § 13a-144 against the defendant for personal injuries arising out of a motor vehicle accident that occurred on October 4, 2012. The notice was received by the Commissioner of Transportation on October 22, 2012. The notice gave the following description of the location of the defect and cause of injury: "A manhole and its cover in East Main Street [in Stamford], just east of its intersection with Crystal Street, caused a vehicle to collide with the vehicle operated by the injured person herein which was traveling on East Main Street in the opposite direction. The manhole cover was not secure and caused the chain reaction. *See* Police Accident Report relative to a further explanation of the defect and the cause of the collision, which led to injury, attached hereto." (Emphasis in original.) The referenced police accident report contains a diagram of the intersection of East Main Street and Crystal Street and the accident.[5] The diagram uses rectangles to represent the positions of the vehicles involved in the accident. The rectangles with dashed lines indicate where the vehicles were just before the accident, and the rectangles with solid lines indicate where the vehicles were at the time of collision. In front of the dashed rectangles representing Lazaro's vehicle is a circle denoting the manhole in question. The police report states that Lazaro explained that the accident was set in motion when a manhole cover was knocked out of the catch basin, causing Lazaro to lose control of his vehicle and to swerve into the plaintiff's lane of traffic.

On September 24, 2013, the plaintiff served a complaint, which was amended on December 2, 2013 (operative complaint). In the operative complaint, the plaintiff alleges that on October 4, 2012, Lazaro was driving "in a westerly direction on East Main Street [in Stamford], at or near its intersection with Crystal Street, when he drove over a manhole cover lying on the road." As a result, Lazaro's vehicle collided with the plaintiff's vehicle, injuring the plaintiff. Count three of the operative complaint asserts that the defendant breached its statutory duty to maintain the roads in a reasonably

safe condition in violation of § 13a-144.

Pursuant to the trial management schedule, all dispositive motions, e.g., a motion to dismiss, were required to be filed on October 7, 2014. The defendant did not file its motion to dismiss at that time. On January 9, 2015, a one day trial commenced before an arbitrator. On May 8, 2015, the arbitrator issued a decision, finding in favor of the plaintiff and awarding a total of $45,000 in damages against the defendant, Lazaro, and the city of Stamford. On May 13, 2015, the defendant filed a claim for a trial de novo, pursuant to Practice Book § 23-66.

On July 14, 2015, fifteen days before the scheduled trial date, the defendant filed a motion to dismiss count three, arguing, in relevant part, that the plaintiff's claim was barred by the doctrine of sovereign immunity because "the [plaintiff's] notice of claim, which is a condition precedent to suit under [§] 13a-144, is patently defective . . . ." In particular, the defendant claimed that the notice "does not provide adequate notice to the state to locate the alleged defect" because there are four manholes near the intersection of East Main Street and Crystal Street.[6] On July 31, 2015, the plaintiff filed an objection to the defendant's motion, arguing that the notice received by the defendant was adequate, thereby giving the court proper jurisdiction over the claim. On August 3, 2015, after a hearing, the court issued an oral decision denying the defendant's motion to dismiss. The court held that although the description in the notice, when read alone, was nonspecific and vague, the police accident report, which was attached thereto and incorporated by reference, made the notice sufficiently descriptive to withstand a motion to dismiss. The defendant now appeals from that decision.

We begin by setting forth the standard of review and legal principles that govern our analysis. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo. . . . Moreover, [t]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Citation omitted; internal quotation marks omitted.) *Filippi* v. *Sulli-*

*van*, 273 Conn. 1, 8, 866 A.2d 599 (2005).

The plaintiff brought suit against the defendant pursuant to § 13a-144. "[Section] 13a-144 created a new cause of action not authorized at common law, in derogation of sovereign immunity. The notice requirement contained in § 13a-144 is a condition precedent which, if not met, will prevent the destruction of sovereign immunity. . . .

"The notice [mandated under § 13a-144] is to be tested with reference to the purpose for which it is required. . . . The [notice] requirement . . . was not devised as a means of placing difficulties in the path of an injured person. The purpose [of notice is] . . . to furnish the commissioner with such information as [will] enable him to make a timely investigation of the facts upon which a claim for damages [is] being made. . . . The notice requirement is not intended merely to alert the commissioner to the occurrence of an accident and resulting injury, but rather to permit the commissioner to gather information to protect himself in the event of a lawsuit. . . . [In other words] [t]he purpose of the requirement of notice is to furnish the [commissioner] such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection. . . . Unless a notice, in describing the place or cause of an injury, patently meets or fails to meet this test, the question of its adequacy is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case. . . .

"With respect to the degree of precision required of a claimant in describing the place of injury, in many cases exactness of statement as to place cannot be expected, for the excitement and disturbance caused by the accident . . . make it impossible to observe with any carefulness the place where the accident occur[red] . . . . In such cases reasonable definiteness is all that can be expected or should be required. . . .

"Such precision is, therefore, not essential in order to comply with § 13a-144. . . . [Rather] [u]nder § 13a-144, the notice must provide sufficient information as to the injury and the cause thereof and the time and place of its occurrence to permit the commissioner to gather information about the case intelligently." (Citations omitted; internal quotation marks omitted.) Id., 8–10.

" '[T]here are two categories of cases in which the written notice is patently defective because of a problem with the description of the place of injury. The first

category consists of situations [in which] a court has found that the notice stated a location different from the [actual] place of . . . injury. . . . [E.g.,] *Ozmun* v. *Burns*, 18 Conn. App. 677, 679 n.3, 680–81, 559 A.2d 1143 (1989) (notice describing location using "north" in place of "south" and "east" in place of "west"); *Zotta* v. *Burns*, [8 Conn. App. 169, 170, 511 A.2d 373 (1986)] (location identified as "route 6 in Bolton" [when] accident [actually] occurred on "Camp Meeting Road in Bolton"). The second category consists of situations [in which] the "description is so vague in its breadth that the [commissioner] could not be reasonably expected to make a timely investigation based on the information provided." . . . [E.g.,] *Bresnan* v. *Frankel*, [224 Conn. 23, 25–26, 615 A.2d 1040 (1992)] (location identified as "Route 14A, Plainfield, Connecticut," without any further detail [even though] Route 14A was six mile stretch of road); *Schaap* v. *Meriden*, 139 Conn. 254, 256, 93 A.2d 152 (1952) (location [of the defect] identified as "near the edge of a manhole cover" without [identification of which] particular one of numerous manhole covers); *Murray* v. *Commissioner of Transportation*, 31 Conn. App. 752, 753, 626 A.2d 1328 (1993) (location identified simply as "the northern curbline of Route 22," a public highway running through North Haven).' " *Filippi* v. *Sullivan*, supra, 273 Conn. 10 n.6.

The defendant claims that the plaintiff's notice falls within the second category of patently defective notices because it does not specify which of the four manholes near the intersection of East Main Street and Crystal Street in Stamford was defective. We do not agree that the notice is patently defective. The notice states that the defective manhole is located on "East Main Street, just east of its intersection with Crystal Street . . . ." The accompanying police accident report diagram further narrows the potential location of the manhole in the identified intersection by specifying that the manhole in question is located in the westbound lane of East Main Street near, but prior to, the point at which it intersects with Crystal Street. On the basis of the description of the place of injury in the notice and the accompanying diagram, the defendant reasonably could be expected to make a timely investigation of the accident and the complained of defect. Accordingly, we conclude that the plaintiff's notice was not patently defective. "The sufficiency of the notice with respect to the place of injury, therefore, is a matter to be determined by the jury." Id., 11.

The judgment is affirmed.

In this opinion the other judges concurred.

APPENDIX

[1] Ruben A. Lazaro and the city of Stamford are defendants in this action; however, neither is a party to this appeal. Therefore, throughout this opinion, we refer to the state of Connecticut as the defendant.

[2] "Although the denial of a motion to dismiss generally is an interlocutory ruling that does not constitute an appealable final judgment, the denial of a motion to dismiss filed on the basis of a colorable claim of sovereign immunity is an immediately appealable final judgment." *Filippi* v. *Sullivan*, 273 Conn. 1, 6 n.5, 866 A.2d 599 (2005).

[3] General Statutes § 13a-144, which serves as a waiver of the state's sovereign immunity for claims arising out of certain highway defects, provides in relevant part: "Any person injured in person or property through the neglect or default of the state . . . by means of any defective highway . . . which it is the duty of the Commissioner of Transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the commissioner in the Superior Court. No such action shall be brought . . . unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner. . . ."

[4] The defendant further claims that the trial court lacked subject matter jurisdiction because the plaintiff cannot prove that it had actual or constructive notice of the defect. Whether a plaintiff has sufficiently proved that the defendant, in a highway defect case, had actual or constructive notice of the defect is a question of fact that does not implicate the subject matter jurisdiction of our courts. See *Graham* v. *Commissioner of Transportation*, 168 Conn. App. 570, 595, 608, 148 A.3d 1147 (2016); *Ormsby* v. *Frankel*, 54 Conn. App. 98, 103, 734 A.2d 575 (1999), aff'd 255 Conn. 670, 768 A.2d 441 (2001). Accordingly, we reject the defendant's claim.

[5] See Appendix.

[6] The defendant attached to its motion to dismiss, inter alia, a portion of the deposition of Kenneth Hyatt, who is the general maintenance supervisor for one of the defendant's maintenance facilities. On October 5, 2012, the day after the accident, Hyatt was notified that there was a loose manhole cover near the intersection of East Main Street and Crystal Street. He found four manhole covers in that area, but none of them had a loose cover.